**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARCUS ST. CLAIRE WHITE,

                Petitioner,

        v.

RAYMOND ROYCE, et al.,

                Respondents.

Civil Action No. 21-20335 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court Petitioner's motion (ECF No. 5) filed in response to this Court's Order (ECF No. 3) directing him to show why his petition should not be dismissed as time barred. For the following reasons, the motion (ECF No. 5) shall be denied and Petitioner's habeas petition shall be dismissed as time barred.

## I.     **BACKGROUND**

As this Court previously explained to Petitioner,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). According to Petitioner, his conviction became final when he failed to file a petition for certiorari ninety days after the New Jersey Supreme Court denied his petition for certification on August 29,

2017. (ECF No. 1 at 18.) Petitioner's one-year limitations period therefore began to run on November 27, 2017, and would have expired one year later absent some basis for statutory or equitable tolling.

While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief ("PCR") is "pending" in the state courts. *Jenkins*, 705 F.3d at 85. A state court petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form. *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). Thus, while a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and a PCR appeal will not be considered "pending" after this time expires until the petitioner actually files such an appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division. *See* N.J. Ct. R. 2:12-3.

In his habeas petition, Petitioner contends that he filed a PCR petition on January 9, 2018, which was denied on March 15, 2019. (ECF No. 1 at 18.) Thus, forty-three days of the one year habeas limitations period expired between the finality of Petitioner's conviction and his filing of his PCR petition. Following the denial of his PCR petition, Petitioner did not file a timely appeal, and instead filed a late appeal on November 22, 2019, after two hundred and seven further days had expired following the expiration of the forty-five day time for filing a timely appeal. (*Id.*) Petitioner did not file a timely petition for certification within the twenty day period set forth by the court rules, but instead filed a petition for certification on March 31, 2021, after a further one hundred and forty-three days of the limitations period had expired. (*Id.*) Petitioner's PCR petition once again ceased to be pending on June 29, 2021, after his late petition for certification was denied. Another one hundred and fifty three days passed between that date and the filing of Petitioner's habeas petition on November 29, 2021. (*Id.*) In total, then, there are five hundred and forty-six days between the date on which Petitioner's conviction became final and the filing of Petitioner's current habeas petition during which his PCR petition was not "pending," and during which the habeas limitations period

ran.  Thus, absent some basis for equitable tolling, the information
Petitioner has provided indicates that his current petition would be
time barred by nearly six months.

Equitable tolling "is a remedy which should be invoked
'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d
Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d
Cir. 1998)).  To receive the benefit of equitable tolling, a petitioner
must show "(1) that he faced 'extraordinary circumstances that
stood in the way of timely filing,' and (2) that he exercised
reasonable diligence." *United States v. Johnson*, 590 F. App'x 176,
179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399
(3d Cir. 2011)).  Petitioner has failed to present any basis for
equitable tolling in his habeas petition, and this Court can deduce no
basis for such tolling from the record presented thus far.  Petitioner's
habeas petition thus appears on its face to be well and truly time
barred.

(ECF No. 3 at 1-3.)

This Court thus directed Petitioner to show why his petition should not be dismissed as

time barred.  (*Id.*)  In response, Petitioner filed his current motion.  (ECF No. 5.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of

habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim

presented in his petition based upon the record that was before the state courts.  *See Eley v.*

*Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013).  Under the statute, as amended by the Anti-

Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are

required to give great deference to the determinations of the state courts.  *See Renico v. Lett*, 559

U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his motion, Petitioner requests that this Court not time bar his habeas petition. In support of that request, Petitioner asserts that the dates provided in the Court's summary, which were drawn from Petitioner's own habeas petition, reflect the dates on which he submitted documents to the public defender's office and asked them to file the requisite documents on his behalf, rather than the dates on which actual filings were made with the state courts.[1]  (*Id.* at 1-2.)  Petitioner

---

[1] Petitioner suggests that this Court did not use his provided dates, but instead reviewed the "actual dates" his appeals were submitted by his attorney. This Court, however, did not review any "actual" filing dates, which are generally not easily obtainable without the aid of the parties to a habeas petition, but rather used the dates that Petitioner himself submitted.

further contends that had his PCR appeals become untimely, an appeal as within time would not have been granted and his appeal would have been dismissed. Petitioner thus appears to be suggesting that this Court should consider his PCR appeals to have been pending before they were filed with the state courts, something this Court cannot do, *see Evans*, 546 U.S. at 197, or to place the blame for any delay on the public defender's office. However, Attorney mistakes, such as miscalculating due dates or the tardy filing of an appeal, are not a proper basis for the tolling of a limitations period. *See, e.g., Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631, 651-53 (2010); *Ross*, 712 F.3d at 798-804; *Jenkins*, 705 F.3d at 89-90. That the public defender's office did not immediately file appeals and documents and delayed in doing so thus provides no basis for the tolling of the limitations period.

In his final motion, Petitioner also asserts that he misidentified some of the dates in his timeline in his original habeas petition. According to Petitioner's new timeline, his conviction became final ninety days after the New Jersey Supreme Court denied certification, and his one year limitations period thus began on November 17, 2017. Petitioner filed his PCR petition on January 8, 2018, after forty-three days had expired. (ECF No. 5 at 3.) That petition was denied on March 19, 2019. (*Id.*) Petitioner did not file a timely notice of appeal, but delayed in filing his appeal until June 18, 2019. (*Id.*) Because the time for filing that appeal in a timely fashion expired after forty-five days, and since ninety-two days passed between the denial of the petition and the filing of the appeal, an additional forty-seven days had elapsed from the one year period before Petitioner's habeas petition again became pending. Petitioner's appeal was denied on October 19, 2020. He did not file a petition for certification until March 31, 2021. (*Id.*) Thus, after the twenty days for filing a notice of petition for certification passed, one hundred and forty three additional days elapsed before Petitioner's habeas petition once again became pending. Petitioner's request for certification was thereafter denied on July 6, 2021. (*Id.*) Petitioner did not thereafter file his

habeas petition until November 29, 2021, after one hundred and forty-six days expired.  Thus, even giving Petitioner the benefit of his newly "repaired" timeline, a total of three hundred and seventy nine untolled days expired before he filed his habeas petition, and his petition thus continues to appear well and truly time barred as his one year limitations period expired two weeks before he filed his habeas petition.

Absent some basis for equitable tolling, then, Petitioner's habeas petition remains time barred.  To be entitled to such tolling, Petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179.  Other than his argument that counsel, rather than he, was to blame for some of the delay in his PCR proceedings, which this Court rejected above, Petitioner presents only one argument for tolling.  Specifically, he argues that, between July 2021 and November 2021, he was subjected to limitations on his law library use because of COVID-19 related restrictions.  (ECF No. 5 at 3.)  Petitioner asserts, however, that even during this time, it was possible to request aid from inmate legal assistants, which he ultimately did in November. Thus, it appears that at least some legal assistance was available.  As Petitioner likewise does not assert that he had no access to his own legal records prior to gaining assistance, it is not clear that the COVID restrictions actually prevented him from filing his habeas petition, and instead that they merely made it somewhat more difficult to gain access to legal assistance.

In any event, even if this Court were to assume that these COVID restrictions were an extraordinary circumstance which stood in Petitioner's way, Petitioner has utterly failed to show that he was diligent throughout the one year limitations period.  Petitioner details no actions he took or requests for assistance he submitted while his one year limitations period was still available to suggest that he diligently pursued his rights.  Petitioner does not explain why it took him four months to prepare and file his habeas petition, nor does he explain how he was diligent during the

earlier delays in filings in his PCR proceedings.  In the absence of any evidence that Petitioner pursued his rights with reasonable diligence, this Court cannot find that Petitioner is entitled to equitable tolling. *Johnson*, 590 F. App'x at 179.  Therefore, Petitioner has failed to show his entitlement to equitable tolling. Consequently, Petitioner's habeas petition remains time barred, and shall be dismissed with prejudice as such.  Petitioner's motion seeking tolling is therefore denied.

### IV.    <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition as untimely filed, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and his petition does not warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

## V.   <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's motion seeking tolling (ECF No. 5) is **DENIED**, Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge