UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCUS ST. CLAIRE WHITE, : <br>  : <br> Petitioner, : <br>  : <br> v. : <br>  : <br> RAYMOND ROYCE, et al., : <br>  : <br> Respondents. : <br>  : | Civil Action No. 21-20335 (KMW) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on motion (ECF No. 8) filed by Petitioner Marcus St. Claire White in this habeas matter. Although Petitioner frames his motion as a motion seeking to extend the time to appeal and/or stay the dismissal of his case, what Petitioner actually appears to be seeking is an order vacating the dismissal of his habeas petition, the appropriate vehicle for which would be a motion filed pursuant to Federal Rule of Civil Procedure 59(e).

By way of background, Petitioner filed his habeas petition in December 2021. (ECF No. 1.) As the petition appeared time barred on its face from the dates Petitioner provided, this Court entered an order to show cause directing Petitioner to show why his petition should not be dismissed. (ECF No. 3.) After Petitioner responded, this Court dismissed the petition as time barred because, even based on "updated' information Petitioner provided in his response, Petitioner's habeas petition still appeared to be time barred by at least two weeks. (*See* ECF Nos. 6-7.)

In Petitioner's current motion, a paralegal helping Petitioner at a prison to which he was recently transferred asserts that the person who drafted Petitioner's previous filings made a "huge error" in those filings, mistakenly listing the date on which Petitioner's direct appeal ended with the denial of a petition for certification occurring in late 2017, when this apparently actually

occurred in February 2018.[1] (ECF No. 8 at 3.) Petitioner also provides a copy of this February 2018 order, which appears to be legitimate. (*See id.* at 9.) As this new date would remove at least forty-three days from Petitioner's expired time, Petitioner contends that this new date would render his current petition timely.

The scope of a motion brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)).

Here, Petitioner admits that, in his previous filings, he committed a grave error and provided a grossly incorrect date for the date of the denial of his petition for certification on direct appeal to this Court. Petitioner also presents evidence which was apparently previously unavailable to him – a copy of the order denying his petition for certification which provides evidentiary support to his current *mea culpa*. As it does appear that this new evidence, which was not previously presented to this Court, will render his current petition timely, this Court finds sufficient basis to vacate its order dismissing the petition, and will instead direct the state to respond to Petitioner's habeas petition.[2]

---

[1] In his original petition and response to the Court's Order, Petitioner listed the date of the denial of certification as August 29, 2017. (ECF No. 1 at 18; ECF no. 5 at 2.)

[2] Although this Court will now direct the filing of an answer and will vacate the previous dismissal of the petition, Respondents are free to present any evidence they may have that may suggest that

2

**IT IS THEREFORE**, on this 19th day of October 2022,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Petitioner's motion (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that this Court's Order dismissing Petitioner's habeas petition (ECF No. 7) is **VACATED** based on the presentation of new evidence; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED** that, where the petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, to which Petitioner may attach any relevant exhibits; and it is further

---

Petitioner's habeas petition does remain time barred should Respondents believe such evidence exists or that there are further errors in Petitioner's presented timeline.

3

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the petition by citing to relevant federal law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge